UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLARENCE HALEY,<br><br>                           Plaintiff,<br>      v.<br><br>CORRECTIONAL BEHAVIORAL SOLUTIONS;<br>DR. HYROSSO FERNBACH; DR. THOMAS<br>MCBRIDE; DR. LOSACK; DR. THIMMINIAH;<br>DR. CARLOS PEREZ; APRIL E. TAYLOR; DR.<br>SANDROCK; DR. MCCALL; EILEEN LIPPART;<br>MR. WYCKOFF; LYDELL SHERRER; RICHARD<br>SWITAJ; T.M. POWER; DEBRA FAUNCE;<br>SUSAN L. MAURER; JOHN DOE I-XXV; and<br>JANE DOE I-III,<br>                           Defendants. | Civil Action No. 02-5350<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

*Pro se* plaintiff filed two motions characterized as Fed. R. Civ. P. 60(b) motions seeking relief from two Orders entered by this Court on June 28, 2004 and on August 2, 2004, respectively. Plaintiff asserts that his failure to file a timely motion for reconsideration of the June 28th Order constituted excusable neglect, warranting relief from both Orders. For the reasons that follow, plaintiff's motions are denied.

**Background and Procedural History**

The above-captioned action was commenced on November 7, 2002 when plaintiff filed a civil rights complaint under 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at East Jersey State Prison, Rahway, New Jersey. Particularly he

alleged that the 21 named defendants and numerous "John Doe" defendants were tampering with his meals and withholding legal and medical documentation from him in violation of his Eighth and Fourteenth Amendment rights. All defendants filed answers to plaintiff's complaint and the action proceeded to discovery.

On October 1, 2003, defendants Lydell Sherrer, T.M. Power, Richard Wyckoff and Debra Faunce ("State defendants") requested that plaintiff produce specific documents and answer interrogatories. Due to plaintiff's failure to comply with these discovery requests within the time constraints of Fed. R. Civ. P. 33(b) and 34(b), State defendants filed a motion to compel plaintiff's compliance with the discovery requests, a motion to preclude the evidence from being introduced at trial, and a motion to dismiss the complaint. Magistrate Judge Patty Shwartz entered an order on December 21, 2003 mandating that plaintiff comply with State defendants' discovery requests no later than January 31, 2004. If plaintiff failed to comply by that date, he was ordered to show cause by February 9, 2004 why sanctions, including the possibility of dismissal, should not be imposed. Plaintiff failed to comply with the December 1st order and did not timely show cause justifying his non-compliance; therefore Magistrate Judge Shwartz granted State defendants leave to move for dismissal of the complaint. They filed that motion on March 24, 2004.

Meanwhile, plaintiff managed to file numerous motions with this Court, including (1) a request for relief from two prior orders denying his applications for appointment of pro bono counsel; (2) a request for various forms of injunctive relief against prison staff to return legal documents that had been confiscated and removed from his cell during a June 11, 2002 search and to enjoin prison staff from inspecting his incoming legal mail; (3) a request for relief from an

order of this Court issued November 13, 2003 in which Haley's complaint against the Correctional Medical Services, Inc. and several other defendants was dismissed; and (4) a request for emergent injunctive relief seeking to restrain defendants from tampering with his food.[1]  The Court denied these four motions in a written opinion rendered on June 28, 2004.  The Court granted State defendants' motion to dismiss plaintiff's complaint on August 2, 2004 and terminated the case.

Months later, plaintiff filed the pending motions requesting relief from both the June 28th order and the August 2nd order.

**DISCUSSION**

As an initial matter, the Court must determine whether to treat plaintiff's motions as Rule 60(b) motions or as motions for reargument under L. Civ. R. 7.1(g).  Fed. R. Civ. P. 60(b) and L. Civ. R. 7.1(g) are distinct procedural devices and do not serve the same purposes.  Irrespective of how the movant characterizes them, "the function of the motion, not the caption, dictates which Rule applies."  Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

A motion for reconsideration under Rule 7.1(g) must be filed within 10 days of the disputed order, and should only be granted "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. V. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for relief under Rule 60(b), on the other hand, is subject to longer filing periods and is a device to set aside an order for "mistake, inadvertence, surprise or excusable neglect."  It may not be used as a substitute for appeal, and legal or factual errors cannot justify granting a Rule 60(b)

---

[1] In his December 19, 2003 motion, Haley relied on a previous application for emergent relief dated October 6, 2003. This Court addressed the applications as one because they were indistinguishable.

3

motion.  Smith, 853 F.2d at 158.

Here, plaintiff argues that relief should be granted because his failure to file a motion for reconsideration of the June 28th order amounted to excusable neglect under Rule 60(b).  But a close reading of his papers reveals that plaintiff is actually arguing: (1) that the Court improperly entered the June 28th order because it overlooked documentary evidence plaintiff submitted along with his motion papers, see Affidavit I of Clarence Haley, ¶ 5,6; and (2) that he did submit formal letters addressing his inability to comply with discovery orders issued by Magistrate Judge Shwartz, see Certification of Clarence Haley, ¶ 4, 13.  Clearly, plaintiff's contentions allege errors of law and fact, which must be brought under Rule 7.1(g).  Plaintiff cannot avoid the applicable time restrictions by improperly characterizing his motion as one brought under Rule 60(b).

Under Rule 7.1(g), plaintiff's requests for relief from the June 28th order and August 2nd order are time-barred and insufficient on the merits.  Plaintiff did not file either of these motions within 10 days from the entry of the challenged Orders.  Nor do these pending motions establish any of the grounds for relief.  Plaintiff's submissions fail to (1) point to any intervening change in controlling law; (2) present evidence that has become available but was not previously available; or (3) show it is necessary to correct a clear error of law or to prevent manifest injustice.  North River Ins. Co. V. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Accordingly, plaintiff's motions are denied.

It should be noted even under Rule 60(b) these motions would be denied.  Plaintiff argues he failed to file a timely motion because of time constraints imposed by the federal rules; the confiscation of his legal papers and the opening of his incoming legal mail by prison staff; the

4

denial of access to the prison law library; and his physically debilitated state because his food was tampered with. (Haley Cert., ¶ 21.) Based on all of this, plaintiff argues "excusable neglect." The Court disagrees.

First, plaintiff admits that he refused to accept the copies of the June 28th order and the August 2nd order that the Clerk's Office sent to him. (Haley Cert., ¶ 19.) He attempts to characterize his refusal as excusable neglect because the mail was opened and inspected by prison staff. However, this Court previously had ruled that plaintiff had no right to unopened mail because of prison safety concerns. Moreover, the record shows that plaintiff engaged in conduct that belies his claims that he was denied legal services and suffered physically because of food tampering: he frequently visited the prison law library; borrowed legal cases; and made telephone calls related to his case. (Affidavit of Gail Gillespie, Ex. A, Records Maintained by Northern State Prison Concerning Paralegal Visits, Law Library Visits and Legal Phone Calls made by inmate Haley for the period January 1, 2004 through March 7, 2005.) None of this supports a finding of "excusable neglect."

## CONCLUSION

For the foregoing reasons, the Court **denies** plaintiff's applications and will enter an appropriate Order.


Date:   August 9, 2005                                          s/Katharine S. Hayden
                                                                Katharine S. Hayden, U.S.D.J.